**FILED**

NOV 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States of America

United States District Court

FRANK L. McCall, Jr. 130746
WCC - Elm - B-2-36
                          petitioner,
POB 1260
HWY 560 Gum Springs Rd
Winnfield, LA 71483-1360
           -VS-
                          NO:

Tim Wilkinson, Warden
                 Defendant,

CASE NUMBER 1:06CV01979

JUDGE: Unassigned

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 11/ /2006

Petition For Writ of Habeas Corpus
For Illegally And Invalid Criminal -
Conviction

May it Please this Honorable Court:

    Now into Court Comes, Frank L. McCall, Jr. -
130746. in his pro-se Capacity As follows to-wit:

<u>Jurisdiction:</u>
<u>28 § U.S.C. 2254 (B)(ii)</u>

" Circumstance exist that render such process

ineffective to protect the rights of the Applicant.

<u>28 § U.S.C. 2254 (d) (1)</u>.

(d) An Application for writ of habeas

corpus on behalf of a person in custody

pursuant to the judgment of a state

court shall not be granted with respect

to any claim that was adjudicated on the

merits in the state court proceedings un-

less the adjudication of the claim

(1) resulted in a decision that was con-

trary to, or involved an unreasonable App-

Petitioner Alleges a relationship between the defendants and the State of ___Washington___, that has subjected them to personal jurisdiction. Under their Long-Arm Statute. "Mich. Comp. Laws § 600. 715..." Neitzke v. Williams, 490 U.S. 319, 325 (1989) Shows A Arguament based in law and fact. Bird v. Parsons, 289 F. 3d 865, 871 - (6th Cir. 2002).

-4-

Petitioner states that a crime of Fraud was committed against him, when Justice, Jeffrey P. Victory - (while sitting at the district court level) did Appoint - the Petitioner the Indigent Defenders Board to represent him in his Criminal related matter, who Appointed him a non-licensed member of the Louisiana State Bar who represent him through out an subsequent Trial by Jury in Violation of Petitioner's Fifth, Sixth and Fourteenth Amendment of the U.S. Const. and the La. Const. of 1974, ART. 1 § 2.. And ART. 1 § 3...

Stitute Fraud, it must be calculated to produce a misleading effect. "Bourque v. Hoychick, 97-627 (La. App. 3d Cir. 11/15/97). 704 So. 2d 815.

- 5 -

Petitioner states that it is clearly stated by the Louisiana State Bar Association Membership - Directory, that Patricia Shacklette (Formerly Patricia South), was admitted to the Louisiana Bar on - 4/22/1998... Ten (10) years after she represent- ed the petitioner, violating the petitioners due- process of law /and Equal Protection Clause under the Fourteenth Amendment of the United States Constitution and petitioner is requesting this United States District Court of America to step in and give petitioner - Due-process of law /and Equal Protection, because he can-

"In Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. ed. 2d 799 (1963). the United States Supreme Court directly and unequivocally over rule Betts v. Brady, 316 U.S. 455, 62 S. Ct. 1252, 86 L. Ed 1545 (1942), and held that the Right to Counsel stated in the Sixth Amendment lays down a rule so fundamental and essential to a fair Trial that it is applicable to Criminal proceeding's in state Courts Under the "due-process" requirements of the Fourteenth Amendment. "In our Adversary system of Justice,".

declared Mr. Justice Black, "Any person haled into Court, who is too poor to hire a lawyer, Cannot be assured of a fair Trial unless Counsel is provide for him.... from the very beginning, our state and National Constitutions and laws have laid great emphasis on procedural and substantive safe guards designed to assure fair Trials before Impartial Tribunals in which every defendant stands Equal before the law.

This noble ideal Cannot be realized if the poorman charged with Crime has to face his Accuser's without a lawyer to Assist him." 372 U.S. at 344, 83 S. Ct. at 796, 9 L. Ed. 2d at 805.

Justice Black further pointed out that the average defendant, being ultrained in the law, is incapable generally, of Understanding the rules of Evidence and other procedural devices which Counsel Assert

Under the penalty of law, that All Facts and/or-
Statements Contained in the foregoing ~ Petition
for Writ of Habeas Corpus are deemed to be True
And Correct to the Very best of my Knowledge.
And Belief.

I am,

*Frank L. McCall - 130746*
Frank L. McCall, Jr. 130746
pro-se

## PRAYER FOR RELIEF:

Petitioner further prays in that upon the Conclusion of His open Court Hearing as "per-LA.-C. CR. p. Art. 360.," that this Honorable Court, grant Him the following Relief immediate Release from Any / All illegal thus unlawful Custody as fore-mentioned within His Asserted Claims Raised in this petition forthwith Accordingly to the Louisiana Constitution of 1974 and The United States Constitution of America.

Any and All Other equitable, general Relief in this matter.

Respectfully Submitted,

EXHIBIT "A"

| | | |
|---|---|---|
| FRANK L. MCCALL, JR. | * | SUIT NUMBER:  505,087 - A |
| VERSUS | * | FIRST JUDICIAL DISTRICT COURT |
| PATRICIA SOUTH, ET AL | * | CADDO PARISH, LOUISIANA |

## EXCEPTION OF PRESCRIPTION

NOW INTO COURT through undersigned counsel comes Alan J. Golden in his capacity as Chief Counsel of the Caddo Parish Indigent Defender Board, and on behalf of the Caddo Parish Indigent Defender Board, who with respect represent:

1.

Plaintiff alleges that Alan J. Golden in his capacity as Chief Counsel of the Caddo Parish Indigent Defender Board and the Caddo Parish Indigent Defender Board violated his 5th, 6th, and 14th Amendments Rights as set forth in his Petition for Damages.

2.

Plaintiff further alleges his constitutional rights to effective assistance of counsel, due process, equal protection and privileges and immunities were violated when the Caddo Parish Indigent Defender Board allowed its attorney, Patricia South, also made defendant herein, to represent him in a criminal matter in 1989 under docket number 145,346, without her having been admitted to the practice of law[1].

3.

The conduct the plaintiff complains about occurred at the time of Patricia South's representation of him in 1989, which was more than sixteen years ago.

4.

For these reasons, the defendants except to the claims of the plaintiff because any claims for damages have prescribed.  A claim for damages for an alleged violation of constitutional

EXHIBIT "A"

FRANK L. MCCALL, JR.            *    SUIT NUMBER:  505,087 - A

VERSUS                          *    FIRST JUDICIAL DISTRICT COURT

PATRICIA SOUTH, ET AL           *    CADDO PARISH, LOUISIANA

## EXCEPTION OF PRESCRIPTION

NOW INTO COURT through undersigned counsel comes Alan J. Golden in his capacity as Chief Counsel of the Caddo Parish Indigent Defender Board, and on behalf of the Caddo Parish Indigent Defender Board, who with respect represent:

1.

Plaintiff alleges that Alan J. Golden in his capacity as Chief Counsel of the Caddo Parish Indigent Defender Board and the Caddo Parish Indigent Defender Board violated his 5th, 6th, and 14th Amendments Rights as set forth in his Petition for Damages.

2.

Plaintiff further alleges his constitutional rights to effective assistance of counsel, due process, equal protection and privileges and immunities were violated when the Caddo Parish Indigent Defender Board allowed its attorney, Patricia South, also made defendant herein, to represent him in a criminal matter in 1989 under docket number 145,346, without her having been admitted to the practice of law[1].

3.

The conduct the plaintiff complains about occurred at the time of Patricia South's representation of him in 1989, which was more than sixteen years ago.

4.

For these reasons, the defendants except to the claims of the plaintiff because any claims for damages have prescribed. A claim for damages for an alleged violation of constitutional

Wherefore, Alan J. Golden in his capacity as Chief Counsel of the Caddo Parish Indigent Defender Board and the Caddo Parish Indigent Defender Board Caddo Parish pray that the exception of prescription be granted and that the demands of the Plaintiff be dismissed with prejudice and at the cost of the Plaintiff.

CADDO PARISH
PUBLIC DEFENDER'S OFFICE
625 Texas Street
Shreveport, LA 71101
(318) 221-2220


ALAN J. GOLDEN, La. Bar No. 08401
CHIEF COUNSEL

**SERIVCE INFORMATION:**
FRANK L. MCCALL, JR.
Inmate Number: 130746
W.CC- Elm-B-2-36
Highway 560 Gum Springs Road
Winnfield, Louisiana

FRANK L. MCCALL, JR.                    *       SUIT NUMBER:  505,087 - A

VERSUS                                  *       FIRST JUDICIAL DISTRICT COURT

PATRICIA SOUTH, ET AL                   *       CADDO PARISH, LOUISIANA


## ORDER

Considering the above and foregoing:

IT IS ORDERED that the Plaintiff, FRANK L. MCCALL, JR., show cause, if any he can,

on the ____9____ day of ____October____, 2006 at 9:30 o'clock a.m. why Defendants'

Exception of Prescription should not be granted and Plaintiff's claims be dismissed with

prejudice at the cost of the Plaintiff.

ORDER SIGNED in Chambers, in Shreveport, Caddo Parish, Louisiana on this

the____23____ day of ____august____, 2006.


_____
JUDGE ROY L. BRUN
DISTRICT JUDGE

ENDORSED FILED
TARA DARBEY, Deputy Clerk

AUG 2 1 2006

A TRUE COPY - Attest
_____
CADDO PARISH DEPUTY CLERK

# CLERK OF COURT CADDO PARISH

## GARY LOFTIN
CLERK OF COURT
561 Texas, Room 103
Shreveport, LA  71101-5408

CRIMINAL CASE MINUTES OF THE FIRST DISTRICT COURT

PARISH OF CADDO - SHREVEPORT, LOUISIANA

| 145346 | STATE OF LOUISIANA VERSUS FRANK LEE MCCALL JR AKA CEDRIC T. SIMPLE ROBBERY |
|---|---|
| 04/20/1989 | MOTION TO APPOINT COUNSEL WAS FILED THIS DAY BY THE DISTRICT ATTORNEY. THE ACCUSED, BEING PRESENT WITH (PATRICIA SOUTH,) ATTORNEY AT LAW AND STATING TO THE COURT THAT HE DID NOT HAVE A LAWYER AND WAS UNABLE TO EMPLOY A LAWYER, THE COURT APPOINTED THE INDIGENT DEFENDER OFFICE TO REPRESENT THE ACCUSED . CASE WAS SET FOR PRELIMINARY EXAMINATION ON MAY 10, 1989. THE COURT SET BOND ON THE DEFENDANT AT $5,000.00 TOTAL. (JUDGE VICTORY) |
| 05/01/1989 | MOTION FOR DISCOVERY WAS FILED THIS DAY BY DEFENDANT. |
| 05/10/1989 | THE ACCUSED, BEING PRESENT WITH HIS COUNSEL, CASE WAS REGULARLY TAKEN UP FOR PRELIMINARY EXAMINATION. EVIDENCE WAS ADDUCED, CLOSED AND SUBMITTED. WHEREUPON, THE COURT RULED THE STATE HAS SHOWN PROBABLE CAUSE. CASE WAS CONTINUED TO MAY 15, 1989 FOR ARRAIGNMENT. (JUDGE VICTORY) |
| 05/15/1989 | THE ACCUSED, BEING PRESENT WITH HIS COUNSEL, THE DISTRICT ATTORNEY FILED THE BILL OF INFORMATION. THE ACCUSED WAIVED ARRAIGNMENT AND PLED NOT GUILTY TO THE CHARGE. THE COURT INFORMED THE ACCUSED HE MAY WAIVE TRIAL BY JURY AND ELECT TO BE TRIED BY A JUDGE. THE COURT ALLOWED THE ACCUSED UNTIL MAY 31, 1989 TO FILE MOTIONS AND CASE WAS CONTINUED TO JUNE 13, 1989 FOR ARGUMENTS AND EVIDENTIARY HEARINGS ON ANY MOTIONS FILED. (JUDGE VICTORY) |
| 05/25/1989 | RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY, BILL OF PARTICULARS AND NOTICE UNDER CODE OF CRIMINAL PROCEDURE ARTICLE "768" WERE FILED BY THE STATE. |
| 06/13/1989 | THE DEFENDANT WAS PRESENT IN COURT WITH COUNSEL. AND CASE WAS CONTINUED UNTIL AUGUST 16, 1989 FOR FURTHER PROCEEDINGS. CASE WAS SET FOR TRIAL AUGUST 21, 1989. (JUDGE VICTORY) |
| 08/07/1989 | MOTION FOR DISCOVERY BY THE STATE WAS FILED. |
| 08/22/1989 | THE DEFENDANT WAS PRESENT IN COURT WITH COUNSEL, (PATRICIA A. SOUTH) AND KURT J. GOINS, AND ASSISTANT DISTRICT ATTORNEY REBECCA J. IRWIN WAS PRESENT IN COURT. THE COURT ORDERED THE ROLL CALLED OF THE PETIT JURY VENIRE SUMMONSED TO REPORT AT 9:30 A.M., AND OF THE ONE-HUNDRED (100) PERSONS ON THE VENIRE, THIRTY-ONE (31) REPORTED PRESENT, THIRTY-SIX (36) NOT PRESENT WERE EXCUSED BY THE COURT FOR GOOD AND SUFFICIENT REASONS, NINE (9) FAILED TO APPEAR AND TWENTY-FOUR (24) WERE REPORTED "UNABLE TO SERVE" BY THE SHERIFF. THE COURT READ THE QUALIFICATIONS OF A JUROR TO THE PETIT JURORS. THE STATE AND DEFENSE ANNOUNCED READY FOR TRIAL AND TRIAL BEGAN. JURY EMPANELING BEGAN AND FROM THE PETIT JURY VENIRE CAME THE FOLLOWING PERSONS, TO- WIT: LESTHER T. ATKINS, |

i

FRANK L. MCCALL, JR.                    *        2ND JUDICIAL DISTRICT COURT

VS. NO. 36,832                          *        PARISH OF CLAIBORNE

GARY ALLEN, ET AL                       *        STATE OF LOUISIANA

## JUDGMENT

On August 26, 2005, plaintiff, Frank L. McCall, Jr., a Department of Corrections inmate,

filed this lawsuit against several defendants, including Judge Jenifer Clason. The other named

defendants are staff members of the Claiborne Parish Detention Center (CPDC), the prison where

he was incarcerated at the time he filed his lawsuit.

Plaintiff's allegations against the CPDC staff members relate to his conditions of

confinement. His allegations against Judge Clason relate to her actions in other proceedings.

Against her, plaintiff claims that he should be awarded damages for her denial of his application

for habeas corpus, which denial was found by the Second Circuit Court of Appeal's June 23,

2005 denial of his writ application, in which the Second Circuit stated:

> "The trial court properly found that the application was a post
> conviction relief application, and not a habeas corpus application
> and denied the application. The trial court properly denied relief
> and the writ is denied.

Plaintiff also claims that he should be awarded damages against Judge Clason for her

order dated March 23, 2005, in another suit, against Jean Baker, filed in Claiborne Parish Civil

Docket Number 36,653, in which order Judge Clason granted Frank McCall's motion to proceed

as a pauper but stayed the proceedings according to La.R.S. 15:1186(B)(2)(a).

On September 27, 2005 a peremptory exception of no cause of action was filed on behalf

of Judge Clason. Also on that date a motion to enforce the automatic stay provision of La.R.S.

15:1186(B)(a) was filed on behalf of the other defendants. The exception was set for hearing on

November 17, 2005. Plaintiff filed oppositions to the exception and motion on October 11,

2005.

The court finds that the exception of no cause of action should be sustained, that

944 (La. 1996). Plaintiff's claim against an absolutely immune defendant both fails to state a

cause of action is a frivolous lawsuit because it is based, in part, on actions that the Second

Circuit Court of Appeal, in its June 23, 2005 ruling, found to be proper.

The foregoing considered,

IT IS ORDERED, ADJUDGED AND DECREED that:

1.   the peremptory exception of no cause of action filed on behalf of
     Judge Jenifer Clason be and hereby is **SUSTAINED** and that the
     claims filed by plaintiff, FRANK L. MCCALL, JR., against her in
     this lawsuit be and hereby are <u>DISMISSED</u>, with prejudice, at
     plaintiff's cost, as claims filed against an immune defendant and as
     frivolous claims which state no cause of action;

2.   the dismissal of plaintiff's claims against Judge Clason in this
     lawsuit for failure to state a cause of action and a frivolous claims
     be and hereby are ordered to be a "**STRIKE**" for purposes of
     plaintiff's ability, as a prisoner, to file future civil proceedings in
     forma pauperis; and

3.   the Claiborne Parish Clerk of Court provide notice of this
     judgment, according to law, to plaintiff, FRANK L. MCCALL,
     JR., to defendant, JUDGE JENIFER CLASON, through her
     attorney of record, and to the Secretary of the Louisiana
     Department of Public Safety and Corrections for recording this
     judgment as a "**STRIKE**".

JUDGMENT READ, RENDERED AND SIGNED in Chambers in  Jonesboro, Jackson

Parish, Louisiana, on this the 6th day of February, 2006.

_____

JIMMY C. TEAT
DISTRICT JUDGE



# LOUISIANA ATTORNEY DISCIPLINARY BOARD

## OFFICE OF THE DISCIPLINARY COUNSEL
4000 S. Sherwood Forest Blvd.
Suite 607
Baton Rouge, Louisiana 70816
(225) 293-3900 • 1-800-326-8022 • FAX (225) 293-3300

*Exhibit "D"*

February 14, 2000

Frank L. McCall, Sr. #130746
David Wade Correctional, H3A
670 Bell Hill Road
Homer, Louisiana 71040

RE: 99-ADMIN-189

Dear Mr. McCall:

Your correspondence of 1/28/2000 has been received by me and reviewed. You have suggested that there is an individual named Patricia A. South who represented you in connection with your criminal proceedings. As you know, I wrote back to in August of 1999 explaining to you that may not have provided us with the proper or complete name since there is no, " Patricia South" reflected on our roster of attorneys. Your most recent correspondence does not provide us with any new or additional information to help us identify who Patricia South may be. Without the proper name, there is no basis for opening a disciplinary investigation by this office. Please try and find out the full complete name, possibly a new married name or her maiden name which could be how she would be listed on the roster.

Additionally, as we have previously explained to you this office has no jurisdiction over judges. If you wish to file a complaint against a judge you must send your complaint to:

Mr. Steve Scheckman, Special Counsel
Louisiana Judiciary Commission
601 St. Charles Avenue – 4th Floor
New Orleans, Louisiana 70130

This matter will remains in an administrative file. Please make reference to this file number on any future correspondence forwarded to our office regarding this matter.

Very truly yours

CHARLES B. PLATTSMIER
Chief Disciplinary Counsel

CBP/bgs

# The Supreme Court of the State of Louisiana

**STATE EX REL FRANK L. MCCALL, JR.**

VS.

NO.   2006-KH-0542

**STATE OF LOUISIANA**

— — — — — —

IN RE:  McCall, Frank L. Jr.; – Plaintiff; Applying for Supervisory and/or Remedial Writs, Parish of Winn,  8th Judicial District Court Div. 0, Nos. 145,346;

— — — — — —

**September 15, 2006**

Denied.  La.C.Cr. P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189;  La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172; La.C.Cr.P. art. 940.4(D).

                              CDT

                              PFC

                              CDK

                              BJJ

                              JPV

                              JTK

                              JLW

FRANK L. MCCALL, JR.                *    SUIT NUMBER: 505,087 - A

VERSUS                              *    FIRST JUDICIAL DISTRICT COURT

PATRICIA SOUTH, ET AL               *    CADDO PARISH, LOUISIANA

## EXCEPTION OF PRESCRIPTION TO AMENDED COMPLAINT

NOW INTO COURT through undersigned counsel comes Alan J. Golden in his capacity as Chief Counsel of the Caddo Parish Indigent Defender Board, and on behalf of the Caddo Parish Indigent Defender Board, who with respect represent:

1.

Plaintiff has filed an Amended Complaint adding an additional plaintiff, namely Peggie Ann McCall, Jr.

2.

Plaintiffs allege now that the defendants are "responsible for allowing Justice Jefferey P. Victory (while sitting in at the District Court level), and Paul J. Carmouche, District Attorney to be employed and partake in criminal activity's by (appointing non-license member of the Louisiana State Bar) to operate in the Courts of law in (1989)."

3.

The conduct the plaintiffs complain about occurred at the time of Patricia South's representation of him in 1989, which was more than sixteen years ago.

4.

For these reasons, the defendants except to the claims of the plaintiffs because any claims for damages have prescribed. A claim for damages for an alleged violation of constitutional rights is subject to a liberative prescription of one year. LSA-C.C. Art. 3492. See also Dean v. Tensas Parish School Bd., App. 2 Cir.1987, 505 So.2d 908, writ denied 508 So.2d 826.

Wherefore, Alan J. Golden in his capacity as Chief Counsel of the Caddo Parish Indigent Defender Board and the Caddo Parish Indigent Defender Board Caddo Parish pray that the exception of prescription be granted and that the demands of the Plaintiff be dismissed with prejudice and at the cost of the Plaintiff.

CADDO PARISH
PUBLIC DEFENDER'S OFFICE
625 Texas Street
Shreveport, LA 71101
(318) 221-2220

ALAN J. GOLDEN, La. Bar No. 08401
CHIEF COUNSEL

**SERIVCE INFORMATION:**
FRANK L. MCCALL, JR.
Inmate Number: 130746
W.CC- Elm-B-2-36
Highway 560 Gum Springs Road
Winnfield, Louisiana

ENDORSED FILED
CHRISTY BRYANT, Deputy Clerk

SEP 07 2006

A TRUE COPY, Attest
DEPUTY CLERK
CADDO PARISH

STATE OF LOUISIANA

VERSUS

FRANK L. McCALL, JR.

DOCKET NUMBER

39TH JUDICIAL DISTRICT COURT

RED RIVER PARISH, LOUISIANA

## R U L I N G

The defendant herein has filed a Writ of Habeas Corpus in this Court.  This Court has received letters from the District Attorney and the Clerk of Court of Red River Parish stating that both have checked their records and can find no criminal charges, either past or pending, against this defendant. Further, according to Mr. McCall's own petition, he states that he was sentenced on charges arising in Caddo Parish.

Accordingly, defendant's petition is denied as Red River Parish does not have jurisdiction over this matter.

Coushatta, Louisiana, this 31st day of January, 2006.

_____

LEWIS O. SAMS, JUDGE